```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

| | |
|---|---|
| CARL DIANTONIO, | |
| Plaintiff, | Civil No. 19-13995 (RMB/JS) |
| v. | OPINION |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

**APPEARANCES:**

CARL DIANTONIO
1 RADCLIFF COURT
SICKERLVILLE, NJ 08081

    *Pro se.*

DIANE A. BETTINO
AARON M. BENDER
REED SMITH LLP
136 MAIN STREET
SUITE 250
PRINCETON, NJ 08540

    *On behalf of Defendant Wells Fargo Bank, N.A.*

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This matter comes before the Court on an unopposed motion by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff Carl DiAntonio's Complaint.

1

Plaintiff originally brought this suit in the Superior Court of New Jersey. His Complaint cited no specific law or cause of action. After laying out allegations regarding a dispute with Wells Fargo over a negative report it provided to various credit reporting agencies ("CRAs"), he demanded "rescission of the damaging report to the credit agencies," as well as monetary damages sustained as a result of any effect the report had on his credit scores.

In response, Wells Fargo removed the action to the District of New Jersey, invoking this Court's federal question jurisdiction on the basis that Plaintiff's claims concern improper credit reporting and thus fall under the aegis of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

Wells Fargo now brings the instant Motion to Dismiss, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the Motion will be granted without prejudice.

## I. FACTUAL BACKGROUND

The Complaint alleges the following facts. Plaintiff is a client of Wells Fargo. Specifically, Wells Fargo held two home mortgages in New Jersey for Plaintiff. Plaintiff, himself a mortgage broker, "often" made payments on these mortgages via Wells Fargo's telephone payment system. This method of payment apparently included contemporaneous confirmation of the date on

which the payment had been received, and notification of whether any lateness penalty would be imposed.

On an unspecified date in August 2017, Plaintiff made payments on each of his home mortgages via Wells Fargo's telephone payment system. The system then allegedly "appeared to provide" him with confirmation of timely receipt. The following month, however, Wells Fargo notified Plaintiff that his payments had not been received and were therefore marked as late.

Plaintiff contacted Wells Fargo to re-process the payments and to request that any imposed late fees be waived. Wells Fargo processed the payments but declined to waive the fees. Plaintiff initially interacted with a customer service representative and then escalated his complaint to the "Executive Level". Plaintiff asserts that he eventually received a total of "three different replies" as to what had transpired during his attempted telephone payment in August.[1]

Dissatisfied with Wells Fargo's response, Plaintiff filed a complaint with an unspecified Consumer Protection Bureau and

---

[1] The Complaint alleges that, while the first customer service representative with whom Plaintiff told him that he had "used two non-existing account numbers" in August, an "Executive Level" representative first told him that he "missed" the first four numbers of each account, and later the first three numbers. It is unclear whether the representative meant "missed" to mean that the initial digits were incorrect, or whether Plaintiff had omitted them altogether.

requested from Wells Fargo copies of any audits performed on his accounts. Wells Fargo did not fulfill that request.

Meanwhile, at some point after the deadline for Plaintiff's August 2017 mortgage payments, Wells Fargo allegedly alerted one or more CRAs of the late payments. Plaintiff alleges, without specificity, that this "hit hard" on his credit history, and asserts that any negative impacts on his credit would affect his livelihood as a mortgage broker (though he does not allege that this has actually occurred.) Plaintiff made multiple requests of Wells Fargo to rescind its negative credit report, without success.

On April 22, 2019, Plaintiff filed a Complaint against Wells Fargo in the Superior Court of New Jersey, Law Division, Camden County. The Complaint cited no specific law or cause of action. Instead, it recounted the allegations above, and closed by asking that the court "compel rescission of the damaging report to the credit agencies," as well as award "all monetary damages sustained as a result of Defendants [sic] to Plaintiff's credit scores," as well as "such other relief as the court deems equitable and just."

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1441(a), as Plaintiff's claim against Wells

4

Fargo for improper credit reporting "arises under" federal law – specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**B. Standard for a Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

5

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss

6

should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

The Third Circuit, however, has noted that "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established." Higgs v. Atty. Gen. of the U.S., 655 F.3d 333 (3d Cir. 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also Tabron v. Grace, 6 F.3d 147, 153 n.2 (3d Cir. 1993) (noting that the Third Circuit has "traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure.").

## III. ANALYSIS

Wells Fargo moves to dismiss the Complaint for failure to state a claim. It approaches Plaintiff's Complaint as a series of credit reporting claims. Wells Fargo argues first that any state law claims are preempted by 15 U.S.C. § 1681h(e) and 15 U.S.C. § 1681t(b)(1)(F), two provisions of the FCRA which specifically preempt claims against furnishers of information to CRAs. Wells Fargo argues that since any discernible claims within the Complaint relate to its furnishing of information to the CRAs regarding Mr. DiAntonio's alleged late payment, they fall squarely within the statutory preemption provisions.

Wells Fargo further argues that Mr. DiAntonio cannot sustain an FCRA claim against it, as he has not alleged that he notified the CRAs of his intent to dispute Wells Fargo's report, nor that the CRAs notified Wells Fargo and thus triggered its duty to investigate under the FCRA.

Mr. DiAntonio has not filed any response to Wells Fargo's Motion.

This Court liberally construes the *pro se* Plaintiff's Complaint as making one claim: that Defendant reported incorrect information to CRAs, thereby harming Plaintiff.

**A. Whether the Complaint States a Claim Upon Which Relief Can Be Granted**

The Court agrees that Plaintiff's Complaint, even when read in the light most favorable to him, does not state a claim upon which relief can be granted. Plaintiff's state law claims are preempted by the FCRA, and he has not alleged the necessary elements of an FCRA claim.

**1. Plaintiff's Claims Fall Within the Ambit of the FCRA.**

Congress enacted the Federal Credit Reporting act primarily for the protection of consumers. See Gelman v. State Farm Mutual Auto. Ins. Co., 583 F.3d 187, 191 (3d Cir. 2009) (quoting Safeco Ins. Co. of America v. Burr, 551 U.S. 47 (2007) ("Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect

consumer privacy.")).  The FCRA's stated purpose is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information". 15 U.S.C. § 1681(b).

    The statute places duties not only upon CRAs, but upon "furnishers of information" to those agencies. <u>Burrell v. DFS Services, LLC</u>, 753 F. Supp. 2d 438, 446 (D.N.J. 2010). "Although undefined by the statute, the latter category is understood to include any entity that reports information relevant to a consumer's credit rating – i.e., payment history, amount of debt, and credit limit – to credit reporting agencies." <u>Burrell</u>, 753 F. Supp. 2d at 446 (citing H.R.Rep. No. 108-396, at 24 (2003) (Conf. Rep.) ("The most common . . . furnishers of information are credit card issuers, auto dealers, department and grocery stores, <u>lenders</u>, utilities, insurers, collection agencies, and government agencies.") (emphasis added).  Wells Fargo is clearly a "furnisher of information" in this context.

### 2. The FCRA Pre-empts Plaintiff's Potential State Law Claims.

The FCRA "totally preempts all potential state statutory and common law causes of action based on" claims "premised on the reporting of credit information to credit reporting agencies". Annecharico v. Bank of Am., N.A., No. 11-cv-6508, 2012 U.S. Dist. LEXIS 67003, 2012 WL 1677242, at *3-4 (D.N.J. May 11, 2012) (Bumb, J.); see also Edwards v. Equable Ascent, FNCL, LLC, No. 11-cv-2638, 2012 U.S. Dist. LEXIS 54112, 2012 WL 1340123, at *7 (D.N.J. April 16, 2012) (finding that such claims are totally preempted); Henderson v. Equable Ascent Fin., LLC, No. 11-3576, 2011 U.S. Dist. LEXIS 127662, 2011 WL 5429631, at *5 (D.N.J. Nov. 4, 2011); Nonnenmacher v. Capital One, No. 10-1367, 2011 U.S. Dist. LEXIS 35639, 2011 WL 1321710, at *3 (D.N.J. March 31, 2011); Burrell v. DFS Services, LLC, 753 F. Supp. 2d 438, 451 (D.N.J. 2010) (holding that the FCRA "leaves no room for state law claims against furnishers of information . . . regardless of whether those claims are couched in terms of common law or state statutory obligations.").

Plaintiff's claims revolve around Wells Fargo's furnishing of credit information regarding his mortgage accounts to the CRAs. Any such claims under state or common law are preempted by the FCRA.

### 3. Plaintiff Has Not Alleged All Elements of an FCRA Claim.

Under the FCRA, a plaintiff may only bring a claim against a furnisher of information for failure to furnish accurate information to a CRA "by alleging that (1) he sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." Annecharico, 2012 U.S. Dist. LEXIS 67003, 2012 WL 1677242, at *4; Henderson, 2011 U.S. Dist. LEXIS 127662, 2011 WL 5429631, at *3; Burrell, 753 F. Supp. 2d at 448; Paredes v. Sallie Mae, No. 11-2470, 2011 U.S. Dist. LEXIS 132600, 2011 WL 5599605, at *6 (D.N.J. Nov. 16, 2011). "The furnisher's duty to investigate is not triggered until it receives notice from the credit reporting agency of the consumer's dispute." Annecharico, 2012 U.S. Dist. LEXIS 67003, 2012 WL 1677242, at *4 (quoting Henderson, 2011 U.S. Dist. LEXIS 127662, 2011 WL 5429631, at *3).

Here, Plaintiff has failed to allege at least elements (1) and (2). Plaintiff has not alleged that Wells Fargo ever received notice of a dispute from a CRA. Nor has Plaintiff alleged that he ever notified any CRA that he wished to dispute the late payment report from Wells Fargo, which would have triggered that agency's duty to notify the bank. Plaintiff has

alleged only that he was in frequent contact with Wells Fargo to investigate the circumstances surrounding his mortgage payments and to dispute the bank's action in notifying the CRAs of a late payment. This is insufficient. Plaintiff's claim must therefore be dismissed.[2] See Annecharico, 2012 U.S. Dist. LEXIS 67003, 2012 WL 1677242, at *4-5 (dismissing FCRA claim for failure to allege required steps); Henderson v. Chase/Bank One Serv., 2012 U.S. Dist. LEXIS 6996, 2012 WL 136894, at *3 (D.N.J. Jan. 17, 2012) (dismissing FCRA claim for same reason); Soliz v. Client Servs., No. 11-4210, 2011 U.S. Dist. LEXIS 104164, 2011 WL 4343730, at *2 (D.N.J. Sept. 14, 2011) (dismissing FCRA claim where plaintiff alleged it had notified furnisher of information, but not CRA, about dispute).

**B. Whether the Court Should Dismiss with Prejudice**

Wells Fargo requests, without citation to authority, that the Court dismiss Plaintiff's Complaint with prejudice. As discussed above, Plaintiff's state law claims are preempted by

---

[2] While requiring Plaintiff to contact the CRAs in order to trigger a cascading series of duties may seem to set him on a needlessly anfractuous path, "it is not within the province of this Court to override the policy decisions made by Congress." Burrell, 753 F. Supp. 2d at 446 (citing Dodd v. United States, 545 U.S. 353, 359 (2005) ("Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted.")); see also Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000) ("[W]hen [a] statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms.") (internal quotations omitted).

the FCRA and are therefore dismissed with prejudice.  Whether Plaintiff's FCRA claim should be treated likewise, however, requires further analysis.

The Third Circuit has noted that "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established." Higgs v. Atty. Gen. of the U.S., 655 F.3d 333 (3d Cir. 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also Tabron v. Grace, 6 F.3d 147, 153 n.2 (3d Cir. 1993) (noting that the Third Circuit has "traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure."). When a plaintiff files a complaint *pro se* and is faced with a motion to dismiss, "unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (Alito, J.)) (emphasis added).  This is the case even when leave to amend has not been sought; in such a situation, a district court is directed to set a time period for leave to amend. Shane, 213 F.3d at 116 (citing Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).

There are cases in which dismissal with prejudice is proper – namely, in circumstances where allowing a *pro se* plaintiff to

amend would be futile.  See Jackson v. Division of Developmental Disabilities, 394 F. App'x 950 (3d Cir. 2010).  In Jackson, however, the Circuit Court noted that the district court had the benefit of over one hundred letters from the plaintiff prior to considering the motion to dismiss with prejudice, via which Jackson had "ample opportunity to elaborate on his claims." Jackson, 394 F. App'x at 952.  Here, by contrast, the Court has at hand only Mr. DiAntonio's initial Complaint.  The Court does not have at the ready so much material from Mr. DiAntonio as to overcome the Circuit's reminder that "ordinarily" the *pro se* plaintiff "must be given leave to amend" prior to a dismissal with prejudice.  Id. (citing Phillips, 515 F.3d at 235).

**IV. CONCLUSION**

For the reasons stated in this Opinion, this Court will grant Defendant Wells Fargo's Motion to Dismiss, dismiss the Complaint without prejudice, and grant Plaintiff Carl DiAntonio leave to amend his Complaint and re-file within thirty days.

An appropriate Order will be entered.


Dated: February 24, 2020                s/Renée Marie Bumb_____
                                        RENÉE MARIE BUMB
                                        UNITED STATES DISTRICT JUDGE